## Snively *versus* Hitechew.

Thomas sold land by articles to Boyer who put Anderson into possession:—Thomas brought ejectment against Anderson, for unpaid purchase-money;—pending which in 1853 Anderson sold to Smith; judgment was rendered for Thomas in 1854, and in the same year he sold to Horn. Smith in 1866 sold to Hitechew, who brought ejectment against the defendant who had turned Anderson out of possession. *Held*, that a lease in 1854 from Horn to Anderson, who had not given up possession after Thomas's recovery, was evidence for the defendant; Thomas's *lis pendens* being notice to Smith, and Anderson being in possession under Thomas's title.

May 13th 1868.   Before Thompson, C. J., Strong, Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Somerset county :* Of May Term 1868, No. 73.

This was an action of ejectment, by Gideon Hitechew against A. J. Snively, for a tract of 189 acres of land, commenced May 10th 1866.

On the trial before King, P. J., the plaintiff gave evidence by Joseph Thomas, that he (Thomas) had bought the land about 30 years before, from Henry Dull, who was not living on it; it was vacant land.   Thomas, five years afterwards, put up a house to the joists; he then sold it to Henry Boyer.   The sale was made by written articles, dated December 15th 1845.   Boyer was to pay $100 in annual payments of $25 each.   Boyer finished the house, paid Thomas $10, refused to pay any more and left the premises about 18 months after he had gone in; they remained unoccupied for three years, when George Anderson went in. Thomas sold the land to Henry Horn whilst Anderson was in possession; and conveyed it March 21st 1859, about four or five years after he had sold.   Plaintiff gave evidence that Anderson improved the premises and lived there till a few months before his death, in May 1866.   Anderson, whilst on the land, claimed to hold it by improvement.   Snively, the defendant, took possession after Anderson left.

Plaintiff then gave in evidence a deed for the premises, dated January 10th 1853, from Anderson to Anthony Smith; and deed from Smith to plaintiff, dated April 6th 1866 : he then rested.

Defendant then gave evidence, by the deposition of James Ross, that Boyer leased the property to Anderson for two years, and then it was to go back to Thomas: and by the deposition of Henry Darr, of the renting of the premises by Horn to Anderson, and also of the renting from Thomas by Anderson for the remainder of Boyer's time.

He also gave in evidence the articles of agreement for the sale of the land by Thomas to Boyer on the terms mentioned by Thomas in his testimony, with a clause that the land "belongs to the said

9 P. F. Smith—4

Joseph Thomas till the full sum of $100 is paid:" also record of an action of ejectment for this land by Thomas against Anderson, commenced February 26th 1852, in which Thomas obtained judgment, May 20th 1854, on an award of arbitrators : also deed from Thomas to Joseph Henry Horn and Benjamin F. Horn, dated March 21st 1859. In a note to this deed, above the attestation of the witnesses, it is stated that "the agreement for said land between Joseph Thomas and Joseph H. and B. F. Horn was made in 1854."

The defendant then offered in evidence a lease of the premises, dated December 29th 1854, from the Horns to Anderson, which was objected to and rejected because George Anderson had already parted with his title to the land by conveying the same to Anthony Smith, and a bill of exceptions was sealed.

Other evidence was given on both sides bearing on the question of title. The defendant submitted points which it is not material to state, and the court submitted the case as a question of fact to the jury, who found for the plaintiff.

The defendant took a writ of error. One of his specifications of error was the rejection of the lease of Horn to Anderson.

*Baer & Baer,* for plaintiff in error.

*A. J. Colborn,* for defendant in error, cited Hall *v.* Bonner, 1 Penna. R. 407; Gleim *v.* Rise, 6 Watts 45; Hockenburg *v.* Snyder, 2 W. & S. 249.

The opinion of the court was delivered, May 20th 1868, by

AGNEW, J.—The evidence in this case was very clear that the improvement upon the land was begun by Joseph Thomas, who sold to Henry Boyer—that Boyer went into possession, finished the house, and lived on the land; that he sold or leased his interest to George Anderson. Boyer's contract not being complied with to Thomas, the latter brought his action of ejectment against Anderson in 1852, and recovered an award under the Compulsory Arbitration Law on the 20th May 1854, which was not appealed from. While that ejectment was pending, viz., January 10th 1853, and while he was yet under Thomas's title, Anderson undertook to convey his title to Anthony Smith, under whom the plaintiff below claimed title. The title set up by the plaintiff was founded upon an alleged abandonment of the settlement of Boyer under Thomas's improvement, and a new settlement begun by Anderson on his own account, and the case was submitted to the jury on this question of fact. It was in proof by Thomas, who was called by the plaintiff, that he sold the property to Henry Horn while Anderson was in possession, and four or five years before the deed of 24th March 1859; and in a *nota bene* to

[Snively v. Hitechew.]

the deed itself it is stated that the agreement for the sale was made in 1854. This is corroborated also by the testimony of Henry Darr. Now, under these circumstances it was important for the defendant, who claimed under the title of Thomas and Boyer, to show that Anderson, who was in under Boyer, and did not leave the property after the recovery in the ejectment, continued in possession under Horn, who had become the owner of Thomas's title in 1854, the same year of the recovery. The defendant offered in evidence a lease from Horn to Anderson, dated the 29th December 1854, which was rejected by the court, on the ground that Anderson had already parted with his title to Smith. But clearly this was error. Smith bought of Anderson with notice by way of *lis pendens*. Anderson was still in possession under Thomas's title, and never yielded it up. Horn, who held the title then, had a right to show that he never abandoned the land, but, on the contrary, that it had continued in the possession of his tenant from 1854. The effect of the exclusion of the lease was to leave Anderson in effect the tenant of his grantee Smith, and to place Horn in the attitude of having abandoned the land from 1854. It is quite probable the learned judge overlooked the time of the inception of Horn's title, and referred it to the date of his deed in 1859. But the judgment must be reversed for the refusal to receive the lease in evidence.

Judgment reversed, and a *venire facias de novo* awarded.